MEMORANDUM *
The district court did not err in granting summary judgment on Luox’s *697 claim of quid pro quo sexual harassment under Title VII. Even accepting Luox’s allegations as true, he did not suffer “a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.” Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). Therefore, he cannot establish a prima facie case under a theory of quid pro quo sexual harassment. The readjustment of his job assignments and similar job changes mentioned by the dissent do not constitute tangible employment actions. See id. (indicating that only a “materially adverse change” constitutes a tangible employment action; a “bruised ego,” demotion without material changes, and reassignment to a more inconvenient job do not constitute such a change).
The district court did not err in granting summary judgment on Luox’s claim that his supervisor retaliated against him for complaining about the alleged sexual harassment. Although Luox demonstrated that he engaged in a protected activity by filing the complaint, he failed to create a triable issue of material fact regarding whether he was constructively discharged. “The inquiry [regarding a constructive discharge] is objective,” Pa. State Police v. Suders, 542 U.S. 129, 141, 124 S.Ct. 2342, 159 L.Ed.2d 204 (2004), and Luox did not present evidence that, after he engaged in the protected activity, his “working conditions were so intolerable and discriminatory that a reasonable person would feel forced to resign.” Huskey v. City of San Jose, 204 F.3d 893, 900 (9th Cir.2000) (internal alteration omitted). The dissent refers to medical records that support Luox’s claims of stress, but Luox’s subjective reactions to objectively tolerable working conditions do not help him meet the standard for constructive discharge.
Nor can Luox rely on the treatment he allegedly experienced before he filed his complaint as evidence of intolerable working conditions. The jury returned a verdict for defendants on Luox’s hostile work environment claim, and “[w]here a plaintiff fails to demonstrate ... a hostile work environment claim, it will be impossible for h[im] to meet the higher standard of constructive discharge.... ” Brooks v. City of San Mateo, 229 F.3d 917, 930 (9th Cir. 2000).
Moreover, in the context of this case, the two reprimands and new work performance standards Luox received after complaining to the state attorney general did not rise to the level of adverse employment actions because a reasonable jury could not find they were “harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination.” Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 57, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006). Even if the reprimands and new performance standards were adverse employment actions, the employer provided a legitimate non-diseriminatory reason that such actions were a response to Luox’s absenteeism and poor job performance, and Luox did not create a triable issue of fact that his employer’s reason for taking such actions was pretextual.
Finally, the district court did not err in granting summary judgment on Luox’s claim of retaliation for exercising his First Amendment rights. Luox’s statements regarding the deficiencies in the TRW contract were made pursuant to his official duties, and therefore cannot be the basis for a First Amendment retaliation claim. See Garcetti v. Ceballos, 547 U.S. 410, 421, 126 S.Ct. 1951, 164 L.Ed.2d *698 689 (2006). Although allegations of sexual harassment may raise matters of public concern, see Freitag v. Ayers, 468 F.3d 528, 545-46 (9th Cir.2006), “[w]hether an employee’s speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record.” Connick v. Myers, 461 U.S. 138, 147-48, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983). In the context of this case, Luox’s internal and confidential sexual harassment complaint “deals with [an] individual personnel dispute! ] and grievance[ ] ... [that] would be of no relevance to the public’s evaluation of the performance of government agencies” and therefore does not raise a matter of public concern. McKinley v. City of Eloy, 705 F.2d 1110, 1114 (9th Cir.1983); see also Connick, 461 U.S. at 154, 103 S.Ct. 1684. Accordingly, Luox failed to show a genuine issue of material fact as to whether he was retaliated against for constitutionally protected speech.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.